43 F.3d 1481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence M. WEISWASSER, Plaintiff-Appellant,
v.
J. STAINER, G. Avila, E. Booke, J. Gomez; J. Trotter, and
G. Smith, Defendants-Appellees.
 No. 94-16019.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Weiswasser, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Weiswasser's 42 U.S.C. Sec. 1983 action alleging an inadequate prison law library and inadequate library access. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's summary judgment, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Prisoners have a constitutional right of meaningful access to the courts through "adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). A prison "need not provide its inmates with a library that results in the best possible access to the courts. Rather, the [p]rison must provide its inmates with a library that meets minimum constitutional standards." Lindquist v. Idaho State Brd. of Corrections, 776 F.2d 851, 856 (9th Cir.1985).
 
 
 4
 A prisoner contending that he was denied adequate access to the law library must establish two things: "First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused him actual injury." Vandelft v. Moses, No. 92-36566 slip op. 1211, 12123 (9th Cir. Oct. 5, 1994). Actual injury is some specific instance in which an inmate was actually denied access to the courts. Id.
 
 
 5
 The Constitution does not guarantee prisoners unlimited access to the prison library. Lindquist, 776 F.2d at 859. Thus, prison officials can limit library access by time, place, and manner regulations. Id. In determining whether constitutionally adequate access has been provided, we "focus on whether the individual plaintiff before [us] has been denied meaningful access." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (quotation omitted).
 
 A. Adequate Law Library
 
 6
 Weiswasser contends the law library is constitutionally inadequate because it does not contain up-to-date Shepards citations, the Lawyers Edition 2nd series, the Witkin series or a catalog of legal materials.
 
 
 7
 Defendants submitted evidence that the library at Corcoran contains a complete set of California Reporters from 1959 to December 1992. Although four volumes in this set are missing, these volumes and 1993 cases can be ordered from the Corcoran Prison main library in one day. The prison law library also maintains a complete set of California Digest 2d, a complete set of California Digest of Official Reports, 3rd, and a complete set of Deering's California Codes. The library's federal section contains a complete set of Federal Reports from 1949 to June 1993, Federal Supplements from 1960 through 1993 and Supreme Court Reports from 1956 to 1989. An inmate also may obtain additional cases in one day from the Corcoran Prison main library. Additionally, the library maintains a complete set of West Federal Practice Digest, 2nd, 3rd and 4th and the United States Code Service.
 
 
 8
 Based on this uncontested evidence, we conclude that Corcoran's law library meets minimum constitutional standards. See Lindquist, 776 F.2d at 856 (library met constitutional standards even though it failed to contain Shepards citations, Pacific Reporter, a number of reference books, and earlier editions of Federal Supplement). Accordingly, we affirm the district court's summary judgment on this issue.
 
 B. Library Access
 
 9
 Weiswasser contends that he does not have adequate access to the law library at Corcoran, and that as a result, he was prevented from filing his habeas corpus petition for one and a half years.
 
 
 10
 Weiswasser fails to show that his access was "so limited as to be unreasonable." Vandelft, No. 92-36566 slip op. at 12123. The Corcoran law library is open Tuesday through Saturday, from 8:00 to 11:30 a.m. and from 12:30 p.m. to 3:30 pm. Weiswasser states that the library is not always open during those hours because the librarian takes numerous breaks throughout the day. Weiswasser contends that prisoners are allowed access to the library at most for approximately 4 hours a day rather than the 6 1/2 hours claimed by the defendants. Weiswasser also contends that he is unable to visit the library during weekdays because he holds a prison job Monday through Friday from 8:00 a.m. to 4:00 p.m.
 
 
 11
 Defendants have submitted evidence which shows that Weiswasser visited the library 63 times in 1992 and 114 times in 1993. Moreover, Weiswasser has never requested that he be given preferred legal user status which allows an inmate to use the library all day during library hours if the inmate has a verified court deadline within thirty days. Given these circumstances, the district court did not err by finding that Weiswasser was not denied adequate library access. See Woods, 900 F.2d at 1335[1]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Weiswasser's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Weiswasser is no longer housed at Corcoran, his request for injunctive relief is moot. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam)